UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION
WILLIAM SCHWEITZER,

                Plaintiff,
    -against-  **MEMORANDUM AND ORDER**
                                        16-CV-1171 (RRM) (LB)
EUGENE LAMB,

                Defendant.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On March 7, 2016, *pro se* plaintiff William Schweitzer, currently incarcerated at the Watertown Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983[1] against defendant Eugene Lamb, his assigned criminal defense attorney. Schweitzer alleges that Lamb did not adequately represent him and provided no legal assistance. (Compl. (Doc. No. 1) at 5.) He seeks $2 million in damages. (*Id.* at 6.) The Court grants Schweitzer's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order. For the reasons set forth below, the complaint is dismissed.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that Schweitzer is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citation and quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible

---

[1] It is not clear whether Schweitzer intends to assert any state law claims, but to the extent that he does, those claims are dismissed without prejudice.

1

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, where amendment would be futile, the Court need not grant such leave. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

## DISCUSSION

Schweitzer sues his defense attorney Eugene Lamb pursuant to 42 U.S.C. § 1983 for failing to adequately represent him in criminal proceedings before the state court. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are not liable under § 1983 unless they act under color of state law. *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 392 (E.D.N.Y. 2009); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish

2

that the challenged conduct constitutes state action." *Flagg v. Yonkers Savs. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[T]o the extent that plaintiff is attempting to assert a Section 1983 claim against his defense attorney in the criminal case, such claim cannot survive as a matter of law because of a lack of state action."). Accordingly, the complaint is dismissed against defendant Lamb pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and amendment would be futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment, mail a copy of this Order and the accompanying Judgment to Schweitzer at the address listed for him on the docket, note the mailing on the docket, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      August 8, 2016

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge